(135 So. 426)

## T. C. BAUMHAUER v. LIQUID CARBONIC CORPORATION.

### I Div. 967.

Court of Appeals of Alabama.
April 21, 1931.

Rehearing Denied May 19, 1931.

C. L. Hybart, of Monroeville, for appellant.

Counsel argues for error in rulings assigned, but without citation of authorities.

J. D. Ratcliffe, of Monroeville, for appellee.

RICE, J.

This was a suit, resulting in a judgment in its favor, by appellee against appellant, on two promissory notes, which had been given by appellant in connection with the purchase by him of a certain "soda fount," etc.

As stated by appellant's counsel, in his brief filed here, "the bone of contention growing out of said sale (and purchase) was as to whether appellant purchased a 50% refriger-

ating soda water fountain machine, or whether he purchased a 100% refrigerating soda water fountain"; appellant claiming that the machine he purchased was represented to him, etc., as a 100 per cent. machine, and that he executed the notes sued on, believing, etc., that the machine he was buying was a 100 per cent. machine.

Appellee contended that appellant bought, and knew he was buying a 50 per cent. machine, and that no misrepresentations of any kind were made, etc., to appellant.

Under the pleadings, the issue indicated was made the crux of the case, and was purely one of fact for the determination of the jury.

Their verdict is amply sustained by the evidence.

There are really no questions of law presented which call for a discussion by us.

The oral charge of the court, to which no exceptions were reserved, taken in connection with the written charges given at appellant's request, fully and fairly covered the law bearing upon his contention. The written charges requested by, and refused to, him, if not obviously refused without error, because of some patent imperfection, were covered, in substance, by charges given to the jury.

The written charges given at appellee's request, whether properly or improperly given, manifestly, in view of the wide disparity, in appellant's favor, between the amount claimed by appellee and the recovery of which its evidence would demand, and the amount of the jury's verdict, did no harm to appellant's cause. So the judgment would not be reversed for their giving. Supreme Court Rule 45.

The case was fairly tried, informally, and with counsel on both sides all but agreeing upon every step in the procedure, save only the result of the jury's deliberations.

We see no reason to disturb that, and the judgment is affirmed.

Affirmed.